UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

NORMAN D'SOUZA,

          Defendant.

---

No. 18-CV-35 (RA)

No. 16-CR-253 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Norman D'Souza, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. D'Souza contends that his counsel provided ineffective assistance in its representation of him with respect to a proffer session that he attended, during plea negotiations, and at sentencing. For the following reasons, D'Souza's petition is denied.

## BACKGROUND

D'Souza was vice president and chief financial officer of the furniture wholesaler and retailer Munire Inc. (the "company"). Information at 1 ¶ 1; Plea Agreement at 1. From approximately 2011 to September 2014, D'Souza participated in two fraudulent schemes involving the company. Plea Agreement at 1-2. In the first scheme, D'Souza took part in fraudulently inducing a bank to loan Munire Inc. approximately $17 million. Information at 2 ¶ 4. In the second scheme, D'Souza took part in fraudulently inducing Gas City, a municipality in Indiana, to loan Munire Inc. approximately $1 million. *Id.* at 4-5 ¶¶ 11, 15. To secure both loans, Petitioner falsely inflated the company's sales and accounts receivable on Munire Inc.'s borrowing base certificate. *Id.* at 2 ¶ 5.

On April 1, 2016, D'Souza waived indictment and pleaded guilty to Information 16 Cr. 253 (RA), which charged him with one count of conspiracy to commit bank fraud, in violation of

Title 18, United States Code, Section 1349, and one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343. Plea Agreement at 1. In his plea agreement, D'Souza agreed, *inter alia*, (1) to make restitution in the amount of $12,256,871.48 to the defrauded bank and Gas City, (2) that his Guidelines level was 24, resulting in a sentencing range of 51 to 63 months' imprisonment, and (3) that he would not seek any further "departure or adjustment under the Guidelines." *See id.* at 2-3. At his subsequent plea hearing, Plaintiff informed the Court that he was "satisfied" with his attorney's representation, admitted that he had "inflate[d] the borrower base certificate" even though he knew that doing so was wrong, and agreed to "make restitution in the amount of $12,256,871.48." Plea Transcript at 6, 19, 17.

On December 8, 2016, the Court sentenced Petitioner to 24 months' imprisonment, 27 months below the bottom of his recommended Guidelines range. Sentencing Transcript at 46.

D'Souza now seeks post-conviction relief pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel. First, D'Souza argues that his attorneys "directed [him] to engage in extensive proffer sessions" without better preparing him for these sessions or investigating whether there were likely to be any indictments in his case. Habeas Pet. at 4-5. Second, Petitioner faults his defense counsel for failing to seek a plea that would have resulted in no prison time and a lower restitution amount. *See id.* at 6-7. Third, D'Souza argues that his defense counsel was ineffective in not asking for a *Fatico* hearing on the question of whether he could have "reasonably foreseen" the victims' total losses in his case. *See id.* at 9-10. Finally, D'Souza contends that his defense counsel should have challenged the government's supposedly inaccurate statements at his sentencing hearing that D'Souza had minimized his role in the fraudulent schemes, which, according to Plaintiff, would have resulted in a "downward departure motion." *Id.* at 11-12.

2

## LEGAL STANDARD

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty and sentencing." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (citations omitted). To establish a claim of ineffective assistance of counsel, a petitioner must show: (1) that his attorney's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

When considering the first prong of the *Strickland* test, a court must apply a "strong presumption" that counsel's representation fell "within the wide range of reasonable professional assistance." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994) (quoting *Strickland*, 466 U.S. at 690) (citation omitted).

Even if a petitioner has shown that an attorney's performance was objectively unreasonable, he must still demonstrate that he was prejudiced by his counsel's deficient conduct. To do so, "[i]t is not enough 'to show that the errors had some conceivable effect on the outcome

3

of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Rather, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where a petitioner did not go to trial, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gonzalez*, 722 F. 3d at 130 (quoting *Hill*, 474 U.S. at 59) (internal quotation marks omitted). With respect to a claim of ineffective assistance of counsel at sentencing, a petitioner must show a "reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Id.* (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012)).

## ANALYSIS

### I. Petitioner's Ineffective Assistance of Counsel Claim with Regard to the Proffer Session

D'Souza first contends that his defense counsel led him "[t]o forego [his] Fifth Amendment [p]rotections" and serve as "a witness against himself" with respect to "extensive proffer sessions," resulting in his prosecution and conviction. Habeas Pet. at 4. Specifically, D'Souza states that his attorneys encouraged him to attend these sessions without investigating whether there would likely be indictments in his case, failed to inform him what benefits he would receive from cooperating in these sessions, inadequately prepared D'Souza for these meetings, and "attend[ed] the proffer session with absolutely no familiarity with the case." *Id.* at 5.

Despite D'Souza's assertion that he was convinced by counsel to attend "extensive proffer sessions," *id.* 4, there appears to have only been one proffer session in this case, *see* Govt. Reply at 5, Sentencing Transcript at 20, 35 (both the government and Petitioner's counsel referring to only a single proffer session). Even if Petitioner could show that his counsel's conduct at that

4

proffer session fell below an objective standard of reasonableness, D'Souza has not shown how his participation in this session prejudiced him. For Petitioner to make such a showing, he would need to demonstrate that statements he made at this meeting were used in his prosecution and conviction. *See FNU LNU v. United States*, No. 12-cv-7897 (RJS), 2015 WL 5893723, at *9 (Oct. 7, 2015) ("To the extent that Petitioner is able to demonstrate prejudice, it would be based on the fact that he made statements at the proffer session and that those statements were later used against him.") (emphasis omitted). D'Souza has not done so. Indeed, the proffer agreement itself prevented the government from using any of the Petitioner's statements at this session to prosecute him, *see* Govt. Reply at 5 ("In any prosecution brought against Client by this Office...the Government will not offer in evidence on its case-in-chief...any statements made by Client at th[is] meeting.") (quoting language from the proffer agreement), and the government has represented that none of the evidence cited by it as the basis for the charge consisted of statements that he made to the government, *see* Plea Transcript at 25-26; Govt. Reply at 6.

Because D'Souza has not shown that he was prejudiced by attending one—or more—proffer sessions with the government, his first ground for habeas relief is denied.

## II. Petitioner's Ineffective Assistance of Counsel Claim with Regard to the Plea Negotiations

Petitioner next contends that his defense counsel was ineffective with respect to two aspects of his plea negotiations. First, D'Souza faults his counsel for failing "to present a plea that included no period of incarceration." Habeas Pet. at 6. Second, Petitioner asserts that, during these negotiations, his attorneys should have argued that D'Souza could not have reasonably foreseen a total loss to his victims of over twelve million dollars. *See id.* at 6-7.

Neither of these claims provide sufficient grounds for habeas relief. Even were the Court to assume that counsel's representation was inadequate with respect to his plea negotiations, to

5

establish prejudice in this context, a petitioner must show that "there is a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hill*, 474 U.S. at 59. Here, D'Souza makes no such contention. Petitioner admitted in both his plea agreement and at his plea hearing that he had fraudulently inflated Munire Inc.'s sales and accounts receivable in order to induce a bank and Gas City to provide loans to the company. *See* Plea Agreement at 1-2; Plea Transcript at 19-25. Nor does Petitioner provide any evidence (or argument) that the government would have agreed to an alternative plea deal, either with a lower guidelines range or a lower amount of restitution due. *See Suarez v. United States*, No. 13-cv-298 (RJS), 2016 WL 3432464, at *5 (S.D.N.Y. June 16, 2016) ("[T]he failure of a lawyer to obtain a favorable plea bargain is not ineffective assistance of counsel 'where there is no evidence such a plea deal would have been offered.'") (quoting *Burger v. Kemp*, 483 U.S. 776, 785-86 (1987)); *Anthoulis v. New York*, 586 Fed. App'x 790, 792 (2d Cir. 2014) (courts will not entertain an ineffective assistance of counsel claim based on a plaintiff's "mere speculation about how plea negotiations would have proceeded").

Plaintiff's second ground for habeas relief is therefore denied.

### III. Petitioner's Ineffective Assistance of Counsel Claim with Regard to his Sentencing

Finally, Petitioner argues that his defense counsel was ineffective at sentencing because they (1) did not ask for a *Fatico* hearing to determine the foreseeable loss to the victims in his case, and (2) failed to correct certain misrepresentations by the government, which, according to D'Souza, potentially prevented him from receiving a "downward departure" to his sentence. Habeas Pet. at 9-12.

Both of these claims lack merit. First, Petitioner agreed in both his plea agreement and at his plea hearing that the proper restitution amount was $12,256,871.48, and never contended that

this loss amount was not reasonably foreseeable to him. *See* Plea Agreement at 2; Plea Transcript at 17. Nor did he question or challenge this figure at his sentencing hearing. There would thus have been no reason for his defense counsel to request a *Fatico* hearing on this uncontested matter at any point, to which both parties had stipulated.

Second, D'Souza argues that his attorneys should have corrected the government's statements at sentencing that he lied about his central role in the fraudulent schemes. *See* Habeas Pet. at 11-12. Plaintiff has not established that he was prejudiced by Counsel's failure to make such an argument, however, as the Court did not predicate Petitioner's sentence of 24 months on any such purported misrepresentations. *See* Sentencing Transcript at 46 (basing D'Souza's sentence on the need to "send a message" to people who engage in such conduct and their victims that D'Souza's crimes are to be taken seriously and that they call for serious punishment). In any event, D'Souza's counsel had good reason not to advocate for a downward departure on such grounds, as Petitioner's plea agreement explicitly prevented them from doing so. *See* Plea Agreement at 3; *see States v. Arena*, 180 F. 3d 380, 396 (2d Cir. 1999) (stating that "[f]ailure to make a meritless argument does not amount to ineffective assistance") *(abrogation on other grounds recognized by United States v. Sekhar*, 683 F. 3d 436 (2d Cir. 2012)).

Consequently, Plaintiff's third ground for habeas relief is also denied.

## CONCLUSION

For the foregoing reasons, D'Souza's petition for a writ of habeas corpus is denied.

Because the Court concludes that there has been no "substantial showing of the denial of a constitutional right" in this case, it declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Matthews v. United States*, 682 F. 3d 180, 185 (2d Cir. 2012).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 1 and close this case.

SO ORDERED.

Dated: February 15, 2019
       New York, New York

Ronnie Abrams
United States District Judge